

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-30-2007

# USA v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Taylor" (2007). *2007 Decisions*. Paper 169.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/169

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3256

UNITED STATES OF AMERICA

v.

AARON TAYLOR,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00066)
District Judge:   Hon. R. Barclay Surrick

Submitted Under Third Circuit LAR 34.1(a)
November 9, 2007

Before:   SCIRCA, *Chief Judge*, AMBRO and JORDAN, *Circuit Judges*

(Filed: November 30, 2007)

OPINION OF THE COURT

JORDAN, *Circuit Judge*.

Defendant Aaron Taylor ("Taylor") appeals from a judgment of conviction and sentence for possession with the intent to distribute cocaine base and possession of a firearm by a convicted felon. We will affirm.[1]

## I.  BACKGROUND

On August 12, 2002, a jury convicted Taylor of the aforementioned offenses. Under the then-mandatory sentencing guidelines, the District Court imposed a sentence of 360 months imprisonment, a term of supervised release of ten years, and a special assessment of $200. We later vacated the sentence and remanded for re-sentencing in light of the advisory nature of the guidelines following *United States v. Booker*, 543 U.S. 220 (2005). At his second sentencing hearing, Taylor requested a downward departure from the guidelines based on his age and various health problems. The District Court again imposed the same sentence.

## II.  DISCUSSION

On appeal, Taylor argues that the District Court mistakenly believed that it lacked discretion to grant a downward departure based on his poor health, and that the case must therefore be again remanded for re-sentencing. Taylor relies entirely on a single statement from the District Court at his second sentencing hearing. Responding to Taylor's contention that his poor health justified a downward departure, the District Judge said:

---

[1] We have jurisdiction over Taylor's appeal under 28 U.S.C. § 1291.

The fact that Mr. Taylor is in ill health, evidentially suffers from hepatitis C, is really not a reason to reduce his sentence. If ill health were a reason, we would be inundated with applications from prisoners to, seeking their release. There's just–one of the biggest problems our society faces is the fact of an aging population that's incarcerated. But in any event, I do not believe that his health is a reason for me to adjust his sentence in this situation.

(Joint Appendix ["JA"] at 76.)

We do not believe that this remark can bear the weight Taylor places on it. His attorney specifically advised the District Court that a downward departure for Taylor's poor health was available, and the District Court stated that the guidelines were advisory rather than mandatory after *Booker*. Contrary to Taylor's assertion, the District Court never stated that it lacked the discretion to consider Taylor's health. Instead, the Court stated that Taylor's poor health was "not a reason to reduce his sentence." (JA at 76.) Considered in context, we believe that the District Court expressed the view that Taylor's illness did not warrant a downward departure because Taylor had not shown that his illness was any more severe than the illnesses generally experienced by older prisoners like himself.[2]

Taylor also argues that a comparison of the District Court's discussion of his request for a downward departure based on ill health with the District Court's discussion

---

[2] Even if the District Court's comments on the challenges posed by aging and ill prisoners are taken to mean that the District Court was expressing an opinion about whether, as a policy matter, ill health ought to justify a downward departure, the Court recognized that it had the discretion to depart downwards based on Taylor's poor health. Immediately after commenting on the problems posed by aging and ill prisoners, the Judge said that "in any event, I do not believe that [Taylor's] health is a reason to adjust the sentence in this situation." (JA at 76.)

of his request for a downward departure based on advanced age demonstrates that the District Court mistakenly believed it could grant a downward departure based on his age but not on his health. According to Taylor, unlike its "categorical rejection of ill health as a sentencing consideration, the [District Court] addressed [the request for a downward departure based on age] on its merits."[3] (Reply Br. at 6.) We disagree that the District Court categorically rejected ill health as a sentencing consideration, and thus find Taylor's argument unpersuasive.

Accordingly, we will affirm the judgment and commitment order.

---

[3] In response to Taylor's request for a downward departure based on age, the District Court said that "[t]he most telling thing is that when Mr. Taylor was released from jail, he went right back to crime every time. And there's no reason why, this Court should anticipate, even his late 60's that Mr. Taylor is going to become a law abiding citizen." (JA at 76.)